## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

TERESA NOLAN,                          :

      Plaintiff,                        :

vs.                                    :        CA 16-0188-C

NANCY A. BERRYHILL,                    :
Acting Commissioner of Social Security,[1]
                            :

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action, pursuant to 42 U.S.C. §1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 20 & 22 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record, plaintiff's brief, the Commissioner's brief, and the arguments of counsel at the February 22, 2017 hearing before the Court, it is determined that the Commissioner's

---

[1]       Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Berryhill is substituted for Carolyn W. Colvin as the proper defendant in this case.

decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

## I. Procedural Background

Plaintiff filed an application for SSI benefits on August 20, 2012. (Tr. 145.) Her claim was initially denied on December 27, 2012 (Tr. 98-102) and, following the filing of a request for a hearing before an Administrative Law Judge (Tr. 103-104), a hearing was conducted before an ALJ on January 6, 2014 (Tr. 52-78). On March 27, 2014, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to SSI benefits. (Tr. 32-48.) On May 20, 2014, the plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (Tr. 22-28) and, sometime after November 20, 2015 (*see* Tr. 8), submitted additional evidence to the Appeals Council (*see* Tr. 241-269) at that administrative body's behest (Tr. 8). The Appeals Council affirmed the ALJ's decision (Tr. 1-4) and, thus, the hearing decision became the final decision of the Commissioner of Social Security.

## II. Standard of Review and Claims on Appeal

A claimant is entitled to an award of supplemental security income benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or last for a continuous period of not less than 12 months. *See* 20 C.F.R. § 416.905(a) (2016). In determining whether a claimant has met her burden of proving disability, the Commissioner follows a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920.

---

[2]      Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 20 & 22 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

At step one, if a claimant is performing substantial gainful activity, she is not disabled. 20 C.F.R. § 416.920(b). At the second step, if a claimant does not have an impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities (that is, a severe impairment), she is not disabled. 20 C.F.R. § 416.920(c). At step three, if a claimant proves that her impairments meet or medically equal one of the listed impairments set forth in Appendix 1 to Subpart P of Part 404, the claimant will be considered disabled without consideration of age, education and work experience. 20 C.F.R. § 416.920(d). At the fourth step, if the claimant is unable to prove the existence of a listed impairment, she must prove that her physical and/or mental impairments prevent her from performing any past relevant work. 20 C.F.R. § 416.920(f). And at the fifth step, the Commissioner must consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides past relevant work. 20 C.F.R. § 416.920(g). Plaintiff bears the burden of proof through the first four steps of the sequential evaluation process, *see Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987), and while the burden of proof shifts to the Commissioner at the fifth step of the process to establish other jobs existing in substantial numbers in the national economy that the claimant can perform,[3] the ultimate burden of proving disability never shifts from the plaintiff, *see, e.g., Green v. Social Security Administration,* 223 Fed.Appx. 915, 923 (11th Cir. May 2, 2007) ("If a claimant proves that she is unable to perform her past relevant work, in the fifth step, 'the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national

---

[3]       *See, e.g., McManus v. Barnhart*, 2004 WL 3316303, *2 (M.D. Fla. Dec. 14, 2004) ("The burden [] temporarily shifts to the Commissioner to demonstrate that 'other work' which the claimant can perform currently exists in the national economy.").

economy that the claimant is able to perform.' . . . Should the Commissioner 'demonstrate that there are jobs the claimant can perform, the claimant must prove she is unable to perform those jobs in order to be found disabled.'").[4]

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[5] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Nolan asserts the following claims: (1) the ALJ committed reversible error in giving significant weight to consultative examinations that took place years before the alleged onset date of disability despite initially proffering to consider those examinations for historical purposes only; (2) the ALJ

---

[4]    "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

[5]    This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

committed reversible error in failing to fully and fairly develop the record by denying her request for a subpoena for mental health treatment records and denying her motions for consultative examinations; (3) the ALJ committed reversible error in finding "possible borderline intellectual functioning" to be a severe impairment when no treating or examining medical professional made such a diagnosis; (4) the ALJ's rationale is not reasonable and, as a result, is not supported by substantial evidence; and (5) the Appeals Council committed reversible error by failing to demonstrate proper consideration of the mental health treatment records submitted to it. (Doc. 16, at 1-2.) For the reasons discussed below, because the Court finds that the Appeals Council erred by failing to properly evaluate the new evidence submitted by plaintiff, the Court remands this case to the Commissioner of Social Security without considering the merits of Nolan's remaining claims.[6]

### III. Analysis

On March 27, 2014, the ALJ issued a decision finding that Nolan is not disabled and denying her claim for SSI benefits. (Tr. 32-48.) In reaching this decision, and despite finding that plaintiff suffers from several severe mental impairments, including anxiety disorder, major depressive disorder, and a history of adjustment disorder with mixed extreme features (Tr. 35), the ALJ denied plaintiff's request to subpoena mental health treatment records from the West Alabama Mental Health Center that she had been unable to obtain on her own (*compare* Tr. 33 (denying the request to subpoena records) *and* Tr. 77 ("Ms. Nolan, I am going to read everything again, consider your testimony as

---

[6]     The Court simply suggests to the Commissioner that given the application date in this case, August 17, 2012, which is also the disability onset date, it would certainly appear that updated psychological testing—that is, IQ testing, and the like—is necessary, as opposed to reliance on "stale" evidence generated years (up to 8 years) before the present application/onset date.

well in determining whether or not I need to procure those extra records. Based on everything I've heard so far I do not believe I need them per your testimony[7] they're not going to provide me anything that's different than what I have in front of me. Again, I will review everything before making that decision final.") *with* Tr. 55-56 (counsel explained to the ALJ during the hearing that he had been frustrated in his attempts to obtain mental health records that were important to plaintiff's case from West Alabama Mental Health Center and the ALJ appeared to talk a bit out of both sides of his mouth, indicating initially that his assistant was working on that request but that during the hearing he would make a determination if there was a need to get the documents, only then to appear to indicate that he simply had to check with his assistant to see if she'd had any success in getting the records) *and* Tr. 206 & 216-217 (letter from counsel to the ALJ explaining his numerous attempts to obtain mental health treatment records and his post-hearing motion for subpoena)) based on his divination that "routine treatment records would not and cannot suggest greater limitation than suggested by the current evidence of record." (Tr. 33; *compare id. with* Tr. 38-39 ("**The claimant cannot perform work activity that requires more than occasional reading; however, she can read and understand all customary emergency signs. The claimant possesses the concentration, persistence, and pace necessary to understand, remember and carryout simple instructions as well as attend to all customary work pressures over the course of an eight-hour workday with the following exceptions. The claimant cannot perform work activity that requires her response to rapid and[/]or frequent multiple demands. Changes in the claimant's work activity and/or work setting must be infrequent and**

---

[7]      In relevant measure, plaintiff testified that she hears voices all the time, has thoughts of hurting her children, and occasional thoughts of suicide (Tr. 62-64), while also noting she has not been hospitalized due to her mental condition nor "restricted" in her "living." (Tr. 68-69.)

gradually introduced. The claimant can respond appropriately to supervision; however, she is best suited for work activity that requires only occasional supervision. The claimant can occasionally interact with coworkers, so long as interaction is casual. The claimant cannot perform work activity that requires interaction with the public.").)

Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (Tr. 22-28) and that administrative body apparently was not as convinced, as was the ALJ, that plaintiff's mental health treatment records from West Alabama Mental Health Center would have no impact on the disability determination inasmuch as it directed a letter to plaintiff's counsel requesting those records (Tr. 8).

> You informed us about evidence from West Alabama Mental Health Center dated September 19, 2012 through November 22, 2013 that relates to the claimant's disability claim. Please send us a copy of that evidence. To help you, we have included with this letter a form SSA-827 (Authorization to Disclose Information to the Social Security Administration (SSA)). Please sign and date the form SSA-827. Take it to West Alabama Mental Health Center and request a copy of the evidence that you informed us about. West Alabama Mental Health Center can mail the evidence directly to us in the enclosed self-addressed envelope, or you can forward the evidence to us in the enclosed self-addressed envelope. If you tried to get the evidence but are not able to obtain it, write us at the address at the top of this letter and tell us why you cannot obtain the evidence. Please submit any information to us within 30 days of the date of this letter, or contact us within 30 days to let us know when you will send us the information.

(*Id.*) Nolan's treatment records from West Alabama Mental Health Center dated September 19, 2012 through November 22, 2013 (*see* Tr. 241-269) were received by the Appeals Council and made a part of the record on March 7, 2016 (Tr. 6; *see also* Tr. 5), the date the Appeals Council denied Nolan's request for review of the ALJ's decision (Tr. 1-4).  The Appeals Council's denial of review reads, in relevant measure, as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

> The additional evidence consists of Attorney/Representative-Supplied Evidence from West Alabama Mental Health Center dated August 29, 2012 through November 22, 2013 (29 pages).
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2.) Accordingly, the ALJ's decision constituted the final decision of the Commissioner. (*See* Tr. 1 ("This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.").)

In light of the foregoing, this Court must necessarily agree with the plaintiff that the Appeals Council committed reversible error in failing to articulate the reasons for concluding that the new evidence submitted by plaintiff did not provide a basis for changing the ALJ's decision. There is no question but that "[g]enerally, a claimant is allowed to present new evidence at each stage of [the] administrative process," *Flowers v. Commissioner of Social Security,* 441 Fed.Appx. 735, 745 (11th Cir. Sept. 30, 2011) (per curiam) (citations omitted), and, here, the new evidence was submitted to the Appeals Council at the behest and with the assistance of that administrative body (*see, e.g.,* Tr. 5-6 & 8) after the plaintiff was unable to convince the ALJ to obtain those records before entering his decision (*see, e.g.,* Tr. 33). As *Flowers* instructs:

> The Appeals Council has the discretion not to review the ALJ's denial of benefits. 20 C.F.R. § . . . 416.1470(b). However, the Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of the administrative law judge hearing decision" and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* The new evidence is material, and thus warrants a remand, if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen,* 823 F.2d 456, 459 (11th Cir. 1987).
>
> When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris,*

624 F.2d 1267, 1273 (5th Cir. 1980). If the Appeals Council merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand "for a determination of [the claimant's] disability eligibility reached on the total record." *Id.*

441 Fed.Appx. at 745 (footnotes omitted). The situation presented in *Flowers* has

previously been set forth by this Court, as follows:

[T]he plaintiff presented new evidence to the Appeals Council following the ALJ's denial of her claim. *Id.* at 739-40. The Appeals Council denied review of the ALJ's decision stating that it considered the new evidence and the reasons that the plaintiff disagreed with the ALJ's decision, but [] "[that] information does not provide a basis for changing the Administrative Law Judge's decision.'" *Id.* at 740. The Eleventh Circuit concluded that the Appeals Council did not demonstrate that it adequately considered the new evidence presented by the plaintiff. *Id.* at 745. The Court stated that "apart from acknowledging that [the plaintiff] had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it." *Id.* The Court also concluded that the new evidence presented to the Appeals Council was material because there was a reasonable possibility that it would have changed the outcome of the ALJ's decision. *Id.* at 745, 747. The Eleventh Circuit stated that "[g]iven the materiality of [the plaintiff's] new evidence . . ., the Appeals Council's failure to evaluate it, alone, requires us to remand this case to the Appeals Council for a disability determination based 'on the total record.'" *Id.* at 747 (citing *Epps,* 624 F.2d at 1273). Accordingly, the Eleventh Circuit reversed the decision of the Appeals Council and "remand[ed] the case to the district court with instructions that it be returned to the Commissioner for consideration of the post-hearing evidence in conjunction with all the other evidence in the record." *Id.*

*Jennings v. Colvin,* 2014 WL 1668487, *4 (S.D. Ala. Apr. 28, 2014).

Here, the Appeals Council did not meaningfully evaluate the new evidence

submitted by the plaintiff; instead, that administrative body used perfunctory language

identical to that in *Jennings, supra,* and *Hunter v. Colvin,* 2013 WL 1219746 (S.D. Ala. Mar.

25, 2013), and all but identical to the language labeled perfunctory in *Flowers, supra,* and

*Perkins v. Astrue,* 2012 WL 2508025 (S.D. Ala. Jun. 29, 2012). *Compare* Tr. 2 ("In looking at

your case, we considered the reasons you disagree with the decision and the additional

evidence listed on the enclosed Order of Appeals Council. . . . We found that this

9

information does not provide a basis for changing the Administrative Law Judge's decision.") *with Jennings, supra,* at *5 (same); *Hunter, supra,* at *4 (same); *Flowers, supra,* at 740 ("The Appeals Council made this additional evidence part of the record. The Appeals Council stated that it had considered Flowers's reasons for her disagreement with the ALJ's decision and her additional evidence. The Appeals Council concluded 'that this information does not provide a basis for changing the Administrative Law Judge's decision.'"); and *Perkins, supra,* at *4 ("'[W]e considered the reasons you[] disagree with the decision [and w]e reviewed the additional medical reports that your representative submitted into evidence. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.'"). Moreover, there can be little question but that this information is material[8]—that is, there is a reasonable possibility that consideration of the treatment records from West Alabama Mental Health Center would change the administrative outcome—because those records support Nolan's testimony that her mental condition worsened after September 2012 (*compare* Tr. 41 *with* Tr. 249-252, 257, 261 & 263-267) and that she was having auditory hallucinations (*see, e.g.,* Tr. 247, 249-252, 257, 261, 263, 265 & 267), testimony which the ALJ found wholly unreliable (*compare* Tr. 41 ("The claimant's testimony, when combined with her failure to apply for a job as well as her repeated applications for compensation (without attempt to work) detracts greatly from her allegations and

---

[8]     It is clear that this new evidence related to the period on or before the ALJ's decision, as the decision was rendered on March 27, 2014 (Tr. 48) and the records from West Alabama Mental Health Center cover the period from September 19, 2012 through November 22, 2013 (Tr. 241-269). Moreover, this Court simply observes, as the Eleventh Circuit did in *Flowers,* that "the Appeals Council appears to have concluded that the new evidence related to the relevant period." 441 Fed.Appx. at *8 n.7, citing 20 C.F.R. §§ 404.970(b) & 416.1470(b) (requiring the Appeals Council to consider new evidence 'only where it relates to the period on or before the date of the administrative law judge hearing decision.'").

testimony.") *with* Tr. 46 ("She reported 'auditory hallucinations once in a while,' but she could not supply the content of the hallucinations. The claimant could not explain what her auditory hallucinations were about[.] . . . The inconsistencies within the record render her allegations and statements as unreliable.")). It bears noting that had the ALJ given plaintiff's testimony more credence, this likely would have impacted his analysis of plaintiff's mental abilities, that is, plaintiff's mental residual functional capacity. (*See* Tr. 46 ("All evidence *that was provided* as well as the claimant's allegations has been used in producing the claimant's residual functional capacity assessment." (emphasis supplied)).) Accordingly, since the treatment records from West Alabama Mental Health Center constitute new and material evidence, "the Appeals Council's failure to evaluate it, alone, requires [this Court] to remand this case to the [Commissioner] for a disability determination based 'on the total record.'" *Flowers, supra,* 441 Fed.Appx. at 747, quoting *Epps, supra,* 624 F.2d at 1273.[9]

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g),[10] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for

---

[9]    In reaching this result, this Court rejects the Commissioner's invitation in its brief to evaluate the evidence submitted to—but not meaningfully evaluated by—the Appeals Council (*see* Doc. 17, at 13-15) because the undersigned is mindful that this Court "'may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Dyer, supra,* 395 F.3d at 1210, quoting *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

[10]    Although the plaintiff's application in this case is solely for supplemental security income benefits pursuant to 42 U.S.C. § 1383(c)(3), remand is appropriate under sentence four of § 405(g) because § 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 112 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 14th day of March, 2017.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**